# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:18-cv-553-RMC |
| | ) | |
| v. | ) | |
| | ) | |
| THE GEORGE WASHINGTON UNIVERSITY, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA
## BEFORE THE RULE 26(f) CONFERENCE

John Doe was suspended by the defendant, The George Washington University ("GW" or the "University") after wrongly being found to have sexually assaulted another GW student, Jane Roe, on the night of September 12-13, 2015. The hearing board that found him responsible concluded that he should have known that Ms. Roe was too intoxicated to have sex with him that night. They based that finding in large part on the fact that Ms. Roe was observed "stumbling and slurring her words" that night. The most dramatic testimony to that effect, and the only testimony that unambiguously would indicate, if true, that Mr. Doe saw Ms. Roe in that state, was the testimony of Ms. Roe and her friend, E.E., that while Ms. Roe and Mr. Doe rode in an Uber to his dorm between 11:56 p.m. and 12:21 a.m., Ms. Roe and E.E. spoke on the phone and Ms. Roe was slurring her speech and was generally incoherent. *See generally* ECF No. 6-1 (Memorandum in Support of John Doe's Motion for a Preliminary Injunction) at 10-14.

Mr. Doe denied at the hearing, and still denies, that Ms. Roe ever slurred her speech or spoke incoherently while they were together that night. *See* ECF No. 6-21 (Declaration of John Doe) at ¶ 8. What's more, he does not believe that Ms. Roe spoke to anyone at all on her phone

while they were in the Uber. *Id.* at ¶ 4. If he can prove that no such phone call occurred, he will have proven that the most critical piece of evidence offered against him was fabricated by Ms. Roe and E.E.

To that end, Mr. Doe seeks to serve the attached subpoena upon AT&T, E.E.'s cell phone provider, for her call log data from 11:00 p.m. on September 12, 2015 through 1:30 a.m. on September 13, 2015. *See* Ex. 1. The phone number listed there is a number associated with E.E. that counsel for Mr. Doe located based on public records searches and that the University has confirmed matches its records for E.E.'s cell phone number. AT&T is also able to search based solely on a subscriber's name, so even if the number that the parties have for E.E. was not the number she was using on September 12-13, 2015, the subpoena is still likely to obtain E.E.'s phone records from that night.

## ARGUMENT

Federal Rule of Civil Procedure 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Rule 26 "vests the trial judge with broad discretion . . . to dictate the sequence of discovery." *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007). The D.C. Circuit has not adopted any particular standard to guide the exercise of that discretion, but courts in this District have applied one of three tests: the *Notaro* test, which demands, among other things, a showing of irreparable harm in the absence of the sought-after discovery, *Disability Rights Council of Greater Washington v. WMATA*, 234 F.R.D. 4, 6 (D.D.C. 2006); a "reasonableness" test, *id.*; and "a 'good cause' standard," *Malibu Media, LLC v. Doe*, 109 F. Supp. 3d 165, 167 (D.D.C. 2015) (citing *Warner Bros Records Inc. v. Does 1-6*, 527 F. Supp. 1, 2 (D.D.C. 2007)). More recently, however, courts "have rejected the *Notaro* test

in favor of [the] reasonableness test, particularly in cases where the expedited discovery is related to a motion for a preliminary injunction," *Disability Rights Council of Greater Washington*, 234 F.R.D. at 6, or have applied the "good cause" standard, *Malibu Media*, 109 F. Supp. 3d at 167 (granting motion to serve early discovery upon telecommunications provider). Under either of those tests, Mr. Doe's request to serve a third-party subpoena before the Rule 26(f) conference should be granted.

Under the "reasonableness" test, courts "commonly consider[]" five non-exclusive factors: "'(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Disability Rights Council of Greater Washington*, 234 F.R.D. at 6 (quoting *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005)). Those factors weigh in favor of allowing Mr. Doe to serve this expedited discovery.

First, Mr. Doe has a preliminary injunction motion pending.

Second, the discovery request is exceedingly narrow: It seeks the call log records of a single individual over a two and a half-hour period on the night of September 12-13, 2015. It seeks no information about the content of any calls placed in that window, but only the phone number of each person E.E. spoke with, which of the two speakers made the call, and when.

Third, the purpose for requesting the expedited discovery relates directly to Mr. Doe's pending preliminary injunction motion. Whether Ms. Roe and E.E. spoke on the phone while Ms. Roe was in an Uber with Mr. Doe that night was a key factual dispute at Mr. Doe's hearing and one of the primary items of testimony relied upon by the hearing board in finding Mr. Doe responsible. Mr. Doe argued at the hearing and in his appeal that there were several reasons in

the record before the hearing board to doubt the testimony of Jane Roe and E.E. regarding this alleged call. E.E.'s call logs from that night go not only to whether Mr. Doe is likely to succeed on the merits of his claims but also to whether the balance of the equities and the public interest favor granting the injunction. *See Doe v. The Rector and Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 588 (E.D. Va. 2016) ("Leaving in place a wrongfully imposed sanction and the record of such is plainly contrary to the public interest."); *Ritter v. Oklahoma*, No. 1:16-cv-438, 2016 WL 2659620 at *3 (W.D. Okla. May 6, 2016) (stating, in granting preliminary injunction to student disciplined for sexual misconduct, "it is always in the public's interest that a student be treated fairly before being disciplined"). The University may have an "institutional interest in quickly resolving disciplinary charges and maintaining confidence in the integrity of its processes," *Jones v. Bd. of Governors of Univ. of North Carolina*, 704 F.2d 713, 716 (4th Cir. 1983), but it has no legitimate interest in maintaining confidence in a faulty resolution of a student complaint. If E.E.'s call records show that she did not speak with Ms. Roe on the phone when Ms. Roe was in the Uber, those records will show that Ms. Roe and E.E. fabricated the most damning piece of testimony in the entire case. It would all but prove Mr. Doe's factual innocence.

Fourth, there is no burden on the University to comply with the request. There even is no burden on the individual whose records are being subpoenaed. The only burden falls on her phone company.

Fifth, while the subpoena would be served well in advance of the typical discovery process, that fact should give way when the need for early service is the discovery's connection with a time-sensitive filing like a preliminary injunction motion. The five primary factors that

courts consider under the "reasonableness" test weigh strongly in favor of permitting this expedited discovery.

For all of those same reasons, "good cause" exists to allow Mr. Doe to serve the attached subpoena. The subpoena targets potentially critical evidence that relates directly to Mr. Doe's preliminary injunction motion and may very well prove his factual innocence. The subpoena is narrowly tailored and imposes no burden on the University or on E.E.

## CONCLUSION

For the foregoing reasons, John Doe respectfully requests that his Motion for Leave to Serve Third Party Subpoena Before the Rule 26(f) Conference be granted.

Respectfully submitted,

DATED: March 14, 2018

/s/ Christopher C. Muha
Justin Dillon (DC Bar No. 502322)
Christopher C. Muha (DC Bar No. 987116)
KAISERDILLON PLLC
1401 K Street NW, Suite 600
Washington, D.C. 20005
T: (202) 640-2850
F: (202) 280-1034
jdillon@kaiserdillon.com
cmuha@kaiserdillon.com

*Attorneys for Plaintiff John Doe*