# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>              *Plaintiff*,<br><br>    v.<br><br>THE GEORGE WASHINGTON UNIVERSITY,<br><br>              *Defendant*. | :<br>:<br>:<br>:<br>:<br>:   Civil Action No. 1:18-CV-553-RMC<br>:<br>:<br>:<br>:<br>: |

**DECLARATION OF ROBERT SNYDER IN SUPPORT OF
DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Robert S. Snyder, do hereby depose and declare as follows:

1. I am an adult over the age of eighteen (18) years old and am of sound mind.

2. I have firsthand knowledge of the facts set forth in this Declaration, and could competently and accurately testify to the same if necessary.

3. I am currently employed as the Executive Director of Planning and Outreach at The George Washington University (the "university").

4. I am responsible for reviewing appeals from findings in disciplinary hearings to determine the viability of the appeal in accordance with Article 33 of the Code of Student Conduct (the "Code") at the university. A true and correct copy of the Code of Student Conduct is attached to this Declaration as Exhibit A.

5. I am responsible for reviewing all disciplinary appeals, other than for academic integrity and those for the Doctor of Medicine degree program in the School of Medicine and Health Sciences, at the university and have held this responsibility for over six (6) years.

6. When reviewing an appeal, it is my practice to first review the substance of the request for appeal in its entirety, then to review the underlying disciplinary file in its entirety. Once I have done so, I determine the validity of the appeal by considering two factors, which must both be present for an appeal to proceed to the Chair of the Committee on the Judicial System: whether the appealing party has presented (1) new, relevant evidence that was not available during the adjudication which would (2) significantly alter the findings of fact. *See* Exhibit A at Article 33 ("Appeals must be based on new information that is relevant to the case, that was not previously presented at the hearing or conference, and that significantly alters the finding of fact.") (emphasis added).

7. When making this determination, I complete a form entitled Request for Appeal Executive Summary. A true and correct copy of the form I completed for the Doe appeal is attached to this Declaration as Exhibit B.

8. If I find an appeal to have merit under the provisions of the Code, I inform the Office of Student Rights and Responsibilities, which forwards it to the Chair of the Committee on the Judicial System to consider the appeal.

9. If I determine that an appeal lacks merit according to the provisions of the Code, I send a letter to the appealing party informing them that their appeal does not meet the requirements of Article 33 of the Code. A true and correct copy of the letter that was sent to Doe after my review of his appeal is attached to this Declaration as Exhibit C.

10. In my review of Doe's request for appeal, a true and correct copy of which is attached as Exhibit D, I followed my ordinary procedure, in accordance with the requirements of the Code, and as described in paragraphs 6-9 of this Declaration.

24530558 5 05/21/2018

24530558 7

11. As a result of my review, I found that Doe's appeal was without merit under the Code. I came to this conclusion for two independent reasons. First, the evidence he presented, an expert toxicology report from Dr. Harry Milman ("Toxicology Report") and the statement from Doe's witness Q.W., were new evidence, but they were not previously unavailable for presentation at the hearing in this matter, as both could have been obtained prior to the hearing.

12. Second, as a result of my substantive review of those documents, I separately concluded in good faith that neither the ("Toxicology Report") nor the statement from Doe's witness Q.W. presented evidence that significantly altered the findings of fact.

13. I determined that the Q.W. statement did not significantly alter the findings of facts because the statement was not materially different from other testimony offered by the respondent, and further, in weighing the evidence presented by the complainant and her witnesses, the facts presented in Q.W.'s statement were not significant enough to outweigh the evidence presented by the complainant and her witnesses.

14. I determined that the Toxicology Report did not significantly alter the findings of fact because the Toxicology Report's conclusion – that a person of Roe's size who consumed as much alcohol as Roe purported to have consumed would have an extremely high level of intoxication – was a fact that the hearing panel had sufficient knowledge and information about at the time of the hearing to reach a reasoned conclusion in the absence of expert testimony. Moreover, the underlying facts contained in the Toxicology Report – specifically the exact number of drinks Roe contended she consumed on the evening in question – were facts that were explicitly before the hearing panel at the time they made their findings.

15. In addition to determining that the Q.W. statement and the Toxicology Report were not independently significant enough to alter the findings of fact, I further concluded that

both pieces of these pieces of evidence, taken together in the aggregate, still failed to significantly alter the findings of fact.

16.  Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2018.

Robert Snyder
Executive Director of Planning and Outreach
The George Washington University