# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN DOE, | : |
| *Plaintiff*, | : |
| v. | : Civil Action No. 1:18-CV-553-RMC |
| THE GEORGE WASHINGTON UNIVERSITY, | : |
| *Defendant*. | : |

## SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Dated: June 11, 2018

/s/ *Joshua W. B. Richards*
James A. Keller, Esq. (D.C. Bar No. 1049037)
Joshua W. B. Richards, Esq. (D.C. Bar No. 1002821)
**SAUL EWING ARNSTEIN & LEHR LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
James.Keller@saul.com
Joshua.Richards@saul.com
*Admitted pro hac vice*

Jason A. Ross, Esq. (D.C. Fed. Bar No. 1047909)
**SAUL EWING ARNSTEIN & LEHR LLP**
1919 Pennsylvania Avenue, N.W., Suite 550
Washington, DC 20006
Jason.Ross@saul.com

*Counsel for Defendant*

Defendant The George Washington University (the "university") submits this sur-reply in opposition to the motion for partial summary judgment (the "Sur-reply") filed by plaintiff John Doe ("Doe" or "plaintiff") on the issue of whether the university breached its alleged contract with Doe when it purportedly "rejected his appeal without considering it on the merits." (Doc. 27-1, at 2). The university reserves the majority of its substantive response for oral argument, but submits this abbreviated Sur-reply for the purpose of citing to the record to rebut certain factually inaccurate arguments made in plaintiff's Reply.

**I.      Plaintiff's Treatment of the Cell Phone and Uber Records Ignores the Facts.**

Plaintiff devotes a substantial portion of his Reply to rebutting the university's characterization of the Uber ride as lasting from 11:56 p.m. until 12:21 a.m., declaring that the university has "grossly misread Ms. Roe's Uber records." (Pl. Reply at 4). If in fact this constitutes a "misread" of Roe's Uber records, then that is because the university erroneously relied on Doe's own characterization of the night in question. Plaintiff's own Statement of Material Facts in support of this motion for partial summary judgment ("Statement of Facts") states "[a] little *before* midnight, Mr. Doe and Ms. Roe took an Uber to Mr. Doe's dorm using Ms. Roe's Uber account." (Doc. 27-2, ¶ 4) (emphasis added).

The stipulation that counsel negotiated regarding the phone records of E.E., read into the record at oral argument by Doe's counsel Justin Dillon, states that "E.E.'s phone records during the stated time period on 9/12/15 and 9/13/15. And the stated time period means the Uber ride. Number two, the phone records show that no phone calls as traditionally understood . . . were made from or received on E.E.'s phone's phone function -- were made from or received on EE's phone **between 11:56 p.m. on 9/12/15 and 12:21 a.m. on 9/13/15**." (*See* Transcript of Oral Argument on Preliminary Injunction, Apr. 12, 2018, at pg. 19, 5-11) (emphasis added).  In

his Statement of Facts, Doe states that "According to those [Uber] records, E.E. neither placed nor received a phone call between 11:56 p.m. on September 12 and 12:21 a.m. on September 13." (Doc. 27-2, ¶ 106).

In the end, whether 11:56 p.m. was the time that Doe and Roe called the Uber or sat down in it does not matter because whether Doe and Roe were in a car together or standing together and waiting for one, Doe had the opportunity to evaluate Roe's intoxication during three phone calls. Records demonstrate that at least three calls took place during that time period, two of which appear to have been with Roe's friends, just as Roe described. This is the evidence that, in the opening paragraph of his opening brief Doe characterizes as "A silver bullet of evidence that, by itself, established everything Ms. Roe needed to prevail at the hearing." Pl. Br. at 1.

## II.     Plaintiff's Reply Highlights Factual Disputes as to the Phone Records.

As the non-movant on Doe's motion for summary judgment, the university, not Doe, is entitled to all justifiable inferences. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Nevertheless, Doe asks the Court to do just the opposite. Doe theorizes that "Ms. Roe in all likelihood was calling the Uber driver, through the Uber app, to tell the driver who and where they were outside the party." (Pl. Reply at 8-9). This is nowhere in the record. He speculates as to what may or may not have happened with the 1 minute call from 12:06 a.m., wondering whether it was answered, went to voicemail and what may have been discussed. (*Id.* at 9). He declares that "[t]he 12:06 a.m. call to A.C. would be recorded on Ms. Roe's records in exactly the same way whether or not A.C. ever answered, and therefore whether or not Ms. Roe ever said a word." (*Id.*). Doe then concludes that "[i]f Ms. Roe had been incoherent, A.C. would have learned it from the first phone call, not the second." (*Id.* at 10).

Doe also argues, text bolded in the original: "**Nothing in those** [phone] **records—literally nothing—contradicts Mr. Doe's testimony about what happened in the car.**"  (Pl. Reply at 5).  This is a curious argument in light of what comes later: "The only call for which she was in the Uber was the 12:06 a.m. call to A.C., a 1-minute outgoing call."  (Pl. Reply at 9).  Bold text cannot hide the about-face.  Doe has now moved from accusations of "lies" by E.E. and Roe to simply trying to explain the significance of a fact Doe earlier called a "silver bullet."  *Accord* Doe Decl., Doc. 6-20, ¶ 4 ("To the best of my recollection, Ms. Roe did not talk to anyone on her phone in the Uber."); Statement of Facts, Doc. 27-2, ¶ 77 ("Mr. Doe expressly denied at the hearing that Ms. Roe made any kind of phone call while they were in the Uber."); Transcript of Oral Argument on Preliminary Injunction, Apr. 12, 2018, at pg. 64, 7-15 ("The only evidence [of incapacitation] before the panel were the phone records. And we now have shown that they were – that testimony was a lie.  And I'll just say – I mean, E.E. is a liar… So E.E. is a liar.  And I don't know if, you know – we'll see about the complainant.").

## CONCLUSION

For the foregoing reasons, and those stated in the university's earlier-filed brief in opposition, plaintiff's motion for partial summary judgment must be denied.

Dated: June 11, 2018

/s/ *Joshua W. B. Richards*
James A. Keller, Esq. (D.C. Bar No. 1049037)
Joshua W. B. Richards, Esq. (D.C. Bar No. 1002821)
**SAUL EWING ARNSTEIN & LEHR LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
James.Keller@saul.com
Joshua.Richards@saul.com
*Admitted pro hac vice*

Jason A. Ross, Esq. (D.C. Fed. Bar No. 1047909)
**S<span>AUL</span> E<span>WING</span> A<span>RNSTEIN</span> & L<span>EHR</span> LLP**
1919 Pennsylvania Avenue, N.W., Suite 550
Washington, DC 20006
Jason.Ross@saul.com

*Counsel for Defendant*

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT w**as served today via the Court's ECF filing system upon:

Justin Dillon, Esq.
Christopher C. Muha, Esq.
**KAISERDILLON PLLC**
1401 K Street NW, Suite 600
Washington, DC 20005
jdillon@kaiserdillon.com
cmuha@kaiserdillon.com
*Attorneys for Plaintiff John Doe*

Dated: June 11, 2018           /s/ *Joshua W. B. Richards*_____
James A. Keller, Esq. (D.C. Bar No. 1049037)
Joshua W. B. Richards, Esq. (D.C. Bar No. 1002821)
**SAUL EWING ARNSTEIN & LEHR LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
James.Keller@saul.com
Joshua.Richards@saul.com
*Admitted pro hac vice*

Jason A. Ross, Esq. (D.C. Fed. Bar No. 1047909)
**SAUL EWING ARNSTEIN & LEHR LLP**
1919 Pennsylvania Avenue, N.W., Suite 550
Washington, DC 20006
Jason.Ross@saul.com

*Counsel for Defendant*